Cincinnati Bar Association *v.* Spitz.

## [Cite as *Cincinnati Bar Assn. v. Spitz,* 100 Ohio St.3d 1201, 2003-Ohio-5028.]

(No. 1999–1898—Submitted August 26, 2003—Decided September 12, 2003.)

{¶ 1} This cause came on for further consideration upon the filing of a petition for reinstatement by respondent, Gregory G. Spitz. In accordance with Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline. The Board of Commissioners on Grievances and Discipline filed its Final Report in this court on July 3, 2003, recommending that Gregory G. Spitz be reinstated to the practice of law in the state of Ohio. No objections to said Final Report were filed.

{¶ 2} The court now considers its order of May 31, 2000, indefinitely suspending respondent, Gregory G. Spitz, from the practice of law pursuant to Gov.Bar R. V(6)(B)(2). On consideration thereof and of the Final Report of the Board of Commissioners on Grievances and Discipline,

{¶ 3} IT IS ORDERED by the court that the respondent, Gregory G. Spitz, Attorney Registration No. 0000794, last known address in Cincinnati, Ohio, be, and hereby is, reinstated to the practice of law in Ohio.

{¶ 4} IT IS FURTHER ORDERED by the court that respondent be taxed the costs of these proceedings in the amount of $736.95, less the deposit of $500, for a total balance due from respondent of $236.95, which costs shall be payable to this court on or before 90 days from the date of this order. It is further ordered that if these costs are not paid in full on or before 90 days from the date of this order, interest at the rate of ten percent per annum shall accrue as of 90 days from the date of this order on the balance of unpaid board costs, and respondent may be found in contempt and suspended until such time as costs, including all accrued interest, have been paid in full.

{¶ 5} IT IS FURTHER ORDERED, sua sponte, by the court, that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall

reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

{¶ 6} IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

{¶ 7} For earlier cases, see *Cincinnati Bar Assn. v. Spitz* (2000), 89 Ohio St.3d 117, 729 N.E.2d 345; *Cincinnati Bar Assn. v. Spitz* (1992), 64 Ohio St.3d 1206, 595 N.E.2d 941; and *Cincinnati Bar Assn. v. Spitz* (1991), 62 Ohio St.3d 178, 580 N.E.2d 1071.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.